IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN CLEVELAND, et al.,

        Plaintiffs,              No. CIV S 12-1738 KJM DAD

       v.

AMERICAN MORTGAGE
NETWORK, INC., et al.,           ORDER

        Defendants.
_____/

        Defendants Citimortgage, Inc., Citibank, N.A, Citicorp Mortgage Securities, Inc., and CMALT (collectively "Citi defendants") and First American Title Insurance Company ("First American") have filed motions to dismiss or stay plaintiffs' complaint.  Plaintiffs have not opposed the motions.  The court ordered the motions submitted on the pleadings and now STAYS the action.

I.  BACKGROUND

        On June 29, 2012, plaintiffs John and Wylonn Cleveland ("plaintiffs" ), acting in propria persona, filed a complaint against the Citi defendants, First American, as well as American Mortgage Network, Inc., Alliance Title Company, Pennymac Loan Services, LLC, U.S. Bank National Association, Quality Loan Service, Ted Tomescu, Maria Felix, Charisse

1   McKnight, Johnny Morton, and Does 1 through 100,[1] alleging the following causes of action, all

2   stemming from the defendants' role in the financing and foreclosure of 784 Samantha Street,

3   Mountain House, California: (1) lack of standing to foreclose, against all defendants; (2) deceit

4   and intentional misrepresentation, against all defendants; (3) intentional infliction of emotional

5   distress, against all defendants; (4) slander of title, against all defendants; (5) declaratory relief,

6   against all defendants (6) violation of section § 2932.5 of California Civil Code, against all

7   defendants; (7) unfair business practices, CAL. CIV. CODE § 17200 (UCL), against all defendants;

8   (8) violation of section 726 of the California Code of Civil Procedure, against U.S. National

9   Bank Association, the Pooling and Servicing Agreement (PSA) trustee; (9) RICO violations, 18

10  U.S.C. § 1961, et. seq., apparently against all defendants.

11          On October 3, 2012, attorney Linda Voss substituted in for plaintiffs.  Counsel

12  has not filed oppositions to either defense motion, or sought leave to do so.

13  II.   <u>JUDICIAL NOTICE</u>

14          The Citi defendants have asked the court to take judicial notice of a complaint and

15  a ruling on a demurrer from *Cleveland v. American Mortgage Network, et al.*, San Joaquin

16  County Case No. 39-2011-00274378-CU-FR-STK, in connection with their argument that this

17  court should abstain in light of the state court proceedings.  ECF No. 5-2.

18          A court  may take judicial notice "'of proceedings in other courts, both within and

19  without the federal judicial system, if those proceedings have a direct relation to the matters at

20

21          [1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through
    discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the

22  alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*,
    177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

23  1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear
    that discovery would not uncover the identities, or that the complaint would be dismissed on

24  other grounds.'" *Id*. (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal
    Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not

25  been served within 120 days after the filing of the complaint unless plaintiff shows good cause,
    is applicable to Doe defendants.  *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011

26  U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567
    LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

1    issue.'" *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (quoting *United States ex.*

2    *rel. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992).

3    Because the state court records have a "direct relation" to the issue of abstention, it is proper for

4    this court to take judicial notice of them.

5            The complaint plaintiffs filed in state court on December 28, 2011, omits the

6    RICO cause of action but otherwise mirrors the federal complaint here.  ECF No. 5-2 at 29-60.

7    The Superior Court sustained a demurrer without leave to amend as to the following claims:

8    standing, intentional infliction of emotional distress, slander of title, quiet title, violation of

9    Section 2932.5 of the California Code of Civil Procedure, UCL, and violation of Section 726 of

10   the California Civil Code.  It gave plaintiffs leave to amend their intentional misrepresentation/

11   deceit and declaratory relief claims.  ECF No. 5-2 at 67-68.

12           This court also takes judicial notice of the docket in the San Joaquin County case,

13   which shows that the case currently is proceeding on certain claims in the second amended

14   complaint.

15   III.  <u>STANDARDS FOR A MOTION TO DISMISS</u>

16           Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

17   dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

18   dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

19   under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

20   1990).

21           Although a complaint need contain only "a short and plain statement of the claim

22   showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion

23   to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

24   claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

25   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include

26   something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or

1   "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.*

2   (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to

3   dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to

4   draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses

5   on the interplay between the factual allegations of the complaint and the dispositive issues of law

6   in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

7               In making this context-specific evaluation, this court must construe the complaint

8   in the light most favorable to the plaintiff and  accept as true the factual allegations of the

9   complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal

10  conclusion couched as a factual allegation,'"  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

11  (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject

12  to judicial notice" or to material attached to or incorporated by reference into the complaint.

13  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's

14  consideration of documents attached to a complaint or incorporated by reference or matter of

15  judicial notice will not convert a motion to dismiss into a motion for summary judgment.

16  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*,

17  51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d

18  977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to

19  dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

20  IV.  <u>ANALYSIS</u>

21               The Citi defendants have asked the court to abstain in light of the pending state

22  court action.  First American relies on the demurrer sustained in that case to argue for the

23  application of collateral estoppel.  As the state court proceedings are not yet final, this court

24  finds abstention, rather than preclusion, is appropriate.  *Lucido v. Superior Court*, 51 Cal. 3d

25  335, 341 (1990) (listing the requirements for the application of collateral estoppel in California,

26  including the requirement that the decision be final).

1      In *Colorado River Water Conservation District v. United States*, 424 U.S. 800

2  (1976), the U.S. Supreme Court recognized that while federal courts have a "virtually unflagging

3  obligation [] to exercise the jurisdiction given them," abstention may be appropriate in

4  exceptional circumstances.  *Id.* at 813, 817.  "Generally, as between state and federal courts, the

5  rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the

6  same matter in the Federal court having jurisdiction . . . .'"  *Id.* at 817 (quoting *McClellan v.*

7  *Carland*, 217 U.S. 268, 282 (1910)).  In deciding whether a stay is appropriate in the face of a

8  parallel proceeding, courts must consider "'[wise] judicial administration, giving regard to

9  conservation of judicial resources and comprehensive disposition of litigation.'"  *Id.* at 817

10  (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).  However,

11  "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent

12  state proceeding for reasons of wise judicial administration are considerably more limited than

13  the circumstances appropriate for abstention."  *Id.* at 818.

14      The court's "task is to ascertain whether the 'clearest of justifications' counsel the

15  *surrender* of [federal] jurisdiction."  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,

16  460 U.S. 1, 25-26 (1983) (emphasis in original).  The court should consider the following factors

17  in deciding whether to stay or dismiss a case:  "(1) whether either court has assumed jurisdiction

18  over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal

19  litigation; [] (4) the order in which the forums obtained jurisdiction[;] (5) whether state or federal

20  law controls; and (6) whether the state proceeding is adequate to protect the parties' rights."

21  *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (internal citations omitted).  Other

22  factors include the prevention of forum shopping and the substantial similarity of the two

23  proceedings; exact parallelism of the actions is not required.  *Smith v. Cent. Ariz. Water*

24  *Conservation Dist.,* 418 F.3d 1028, 1033 (9th Cir. 2005); *Travelers Indem. Co. v. Madonna*, 914

25  F.2d 1364, 1368, 1372 (9th Cir. 1990).  The Ninth Circuit has "held that where there are

26  'pending state court proceedings' involving a single property, the first *Colorado River* factor

1   bars us from exercising jurisdiction over the property. . . ." *Sexton v. NDEX West, LLC.*, ___

2   F.3d ___, 2013 WL 1490584, at *3 (9th Cir. Apr. 12, 2013).  It has also said that under these

3   circumstances this first factor is dispositive. *40235 Washington St. Corp. v. Lusardi*, 976 F.2d

4   587, 588-89 (9th Cir. 1992) (per curiam).  As this action and the state action both involve 784

5   Samantha Street, Mountain House and as the state court obtained jurisdiction first, this action

6   must be stayed.

7              IT IS THEREFORE ORDERED that:

8              1.  First American Title's motion to dismiss, ECF No. 17, is denied without

9   prejudice;

10             2.  The Citi defendants' motion to stay, ECF No. 5, is granted; and

11             3.  Plaintiffs are directed to notify the court within fourteen days of the date of

12  this order whether they wish to proceed with this action once the stay is lifted; a failure to

13  respond will result in a dismissal for failure to prosecute.

14  DATED:  May 20, 2013.

16                                        UNITED STATES DISTRICT JUDGE