1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN CLEVELAND, et al.,                    Civ. No.  S-12-1738 KJM DAD

12                    Plaintiffs,

13         v.                                    ORDER

14    AMERICAN MORTGAGE NETWORK,
      INC, et al.,
15
                      Defendants.
16

17

18              On May 21, 2013, the court granted defendants' motion to stay this action in light

19    of a nearly-identical case pending in San Joaquin County Superior Court. ECF No. 21.  The court

20    also directed plaintiffs to notify this court within fourteen days whether they wished to proceed

21    with this action once the stay is lifted and cautioned them that a failure to respond would result in

22    a dismissal for failure to prosecute. *Id*.  Plaintiffs have not responded.

23              Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an

24    action if a plaintiff fails to prosecute.  A 41(b) dismissal "'must be supported by a showing of

25    unreasonable delay.'" *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting

26    *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  In this case, plaintiffs did not

27    oppose defendants' motions to dismiss and did not respond to this court's order.  For the reasons

28    discussed below, the case is DISMISSED.

                                                    1

1    Prior to dismissing for failure to prosecute under Rule 41(b), the court must

2  consider the factors outlined in *Henderson* namely:  "(1) the public's interest in expeditious

3  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

4  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

5  availability of less drastic sanctions."  779 F.2d at 1423.  "The district court has the inherent

6  power sua sponte to dismiss a case for lack of prosecution."  *Id*.

7    First, the public has an interest in expeditious resolution of litigation.  Plaintiffs

8  have done little beyond filing and serving the complaint; they did not respond to the Citi

9  defendants' motion to stay or First American's motion to dismiss.  This failure suggests they will

10  make only desultory efforts to move the case forward.  *Yourish v. Cal. Amplifier*, 191 F.3d 983,

11  990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors

12  dismissal.").  Plaintiffs' failure to timely prosecute the case shows that the case will be further

13  delayed if the court were to give plaintiffs  additional time to file a separate  pretrial statement,

14  particularly as there is no suggestion they will comply.  The first *Henderson* factor weighs in

15  favor of dismissal.

16    Second, plaintiffs' failures to respond have interfered with management of this

17  court's docket.  Their failure to respond at all to motions has left the court to guess at their

18  reaction to the motions and required it to issue two orders in a case that plaintiffs appear to have

19  abandoned. *See Yourish*, 191 F.3d at 990 (finding the district court's interest in managing its

20  docket strongly favored dismissal because "[p]laintiffs tardily filed their motion for a written

21  order, requiring the district court to devote further time and resources to this matter rather than to

22  the merits of an amended complaint.").  This second factor also weighs strongly in favor of

23  dismissal.

24    The third factor does not favor dismissal, as there is no suggestion defendants have

25  not been prejudiced by plaintiffs' actions.

26    Regarding the fourth factor, as the Ninth Circuit explained in *Morris v. Morgan*

27  *Stanley & Co*., 942 F.2d 648, 652 (9th Cir. 1991), "[a]lthough there is indeed a policy favoring

28  disposition on the merits, it is the responsibility of the moving party to move towards that

1   disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  The court finds

2   this factor to favor dismissal.  So far as the court can determine, plaintiffs have done nothing to

3   move this case toward a disposition on the merits.

4          As for the fifth and final factor, "[t]he district court need not exhaust every

5   sanction short of dismissal before finally dismissing a case, but must explore possible and

6   meaningful alternatives."  *Henderson*, 779 F.2d at 1424 (citing *Nevijel v. North Coast Life Ins.*

7   *Co.*, 651 F.2d 671, 674 (9th Cir.1981)); *see also Nevijel*, 651 F.2d at 674 ("less drastic

8   alternatives include allowing further amended complaints, allowing additional time, or insisting

9   that appellant associate experienced counsel"); *Thompson v. Hous. Auth. of City of Los Angeles*,

10  782 F.2d 829, 832 (9th Cir. 1986) (finding dismissal appropriate after the court granted several

11  pretrial conference continuances, plaintiff was not prepared for the conferences, and plaintiff was

12  warned that failure to be prepared would result in a dismissal).  In this case, the court did not treat

13  plaintiffs' failure to respond to defendants' motion as any type of concession and gave plaintiffs

14  the opportunity to explain whether they wished to pursue this case once the stay is lifted.  Their

15  failure to file an opposition or non-opposition to the motions and to respond to the court's order

16  despite the warning that they faced dismissal justifies the sanction.

17  III.    CONCLUSION

18         Henderson factors one, two, four and five weigh in favor of the sanction of

19  dismissal with prejudice, and factor three does not favor dismissal.  On balance, dismissal is

20  justified given plaintiffs' failure to respond first to defendants' motion and then to the court's

21  order.

22         SO ORDERED.

23  DATED:  September 6, 2013.

24

25  _____

26         UNITED STATES DISTRICT JUDGE

27

28

3